# United States Court of Appeals
# for the Fifth Circuit

No. 25-60396

United States Court of Appeals
Fifth Circuit

**FILED**
April 16, 2026

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

D'Laun Ball,

*Defendant—Appellant.*

---

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 1:21-CR-59-5

---

PUBLISHED ORDER

Before Smith, Haynes, and Oldham, *Circuit Judges*.

Per Curiam:

IT IS ORDERED that appellee's unopposed motion to remand is GRANTED.

ANDREW S. OLDHAM, *Circuit Judge*, concurring:

I do not object to the majority's approach to this case. But I write separately to emphasize its implications for the so-called party-presentation principle.

When the district court revoked D'Laun Ball's probation, the court sentenced him to 46 months of imprisonment. No one said anything about an applicable policy statement that recommended a three-to-nine-month range for an offender like Ball. *See* U.S.S.G. § 7B1.4(a). Defense counsel missed it. The Government missed it. And the district court apparently missed it. The case came up on appeal, and defense counsel missed it *again*. He filed an *Anders* brief, informing this court that Ball's appeal "present[ed] no legally nonfrivolous basis for reversal." ECF 24, at ii.

The first mention of this apparently outcome-determinative policy statement came from this court. Pursuant to this court's obligation to litigate this case on Ball's behalf under *Anders v. California*, we identified the policy statement. Then and only then did defense counsel pick up on the problem, and only then did defense counsel argue that it was somehow "plain error" for everyone, including defense counsel, to miss the policy statement both in the district court and on appeal in the *Anders* brief.

Courts are supposedly "passive instruments of government. They do not . . . sally forth each day looking for wrongs to right. They wait for cases to come to them, and when cases arise, courts normally decide only questions presented by the parties." *United States v. Sineneng-Smith*, 590 U.S. 371, 376 (2020) (citation modified). In our adversarial system, the judge does act as inquisitor, conducting the "legal investigation himself." *McNeil v. Wisconsin*, 501 U.S. 171, 181 n.2 (1991).

Yet today, we invoke the judicial power to remand a case based solely

on an (apparently plain) error that our court found under *Anders*. So why, exactly, do we in other contexts invoke the party-presentation doctrine to ignore legal problems that parties fail to identify? What gives courts power to ignore a winning legal argument in some contexts, but not in others? Perhaps the best answer is to recognize a basic truth: Courts have the power and duty to find and apply the correct legal principles regardless of what the parties say.

**A True Copy**
**Certified order issued Apr 16, 2026**

*Lyle W. Cayce*

**Clerk, U.S. Court of Appeals, Fifth Circuit**